# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | ) | Case No. 20-11169 (LSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: July 6, 2020 at 11:00 a.m. (ET)** |
| | ) | **Objection Deadline: June 29, 2020 at 4:00 p.m. (ET)** |

## TRUSTEE'S MOTION FOR ENTRY OF ORDER EXTENDING TIME TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED *LEASES OF PERS*ONAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(1)

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (the "Motion") for an order extending the deadline to assume or reject executory contracts and unexpired leases of personal property pursuant to 11 U.S.C. § 365(d)(1) through and including August 31, 2020. In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction, Core Nature, and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1409.

2. The statutory predicates for the relief sought herein are Section 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

Delaware (the "Local Rules").

3. Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## Background

4. On May 20, 2020, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. The Debtors cases are being jointly administered.

5. On or about May 21, 2020, Jeoffrey L. Burtch was appointed as interim trustee of the Estates pursuant to Section 701 of the Bankruptcy Code.

6. Since his appointment, the Trustee has been working diligently to evaluate and secure the assets of the Debtors. The Trustee is currently assessing whether the Debtors' assets have value to the Estates.

7. On June 1, 2020, the Trustee filed a motion for entry of (I) an order (a) approving bidding procedures in connection with the sale of substantially all of the Estates' assets, (b) scheduling an auction and hearing to consider the proposed sale (the "Sale Hearing"), and (c) approving the form and manner of notice thereof; and (II) an order (a) approving the sale, (b) authorizing the assumption and assignment of executory contracts and unexpired leases, and (c) granting related relief. D.I. 35.

8. On June 8, 2020, the Court entered an *Order (A) Approving Bidding Procedures in Connection with Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof*. D.I. 72. The Sale Hearing is currently scheduled for July 20, 2020.

9. The Trustee has reviewed the Debtors' bankruptcy schedules and available business records and has determined that the Debtors were parties to several hundred executory contracts and unexpired leases (the "Contracts")[2] that may have value to a prospective purchaser(s).

10. The Trustee must make certain that the Contracts will not be deemed rejected by operation of law before he has (a) had an opportunity to sell the Contracts, or (b) determined in his reasonable business judgment that the Contracts are not saleable. Currently, the deadline for the Trustee to assume or reject executory contracts and unexpired leases of personal property pursuant to Section 365(d)(1) of the Bankruptcy Code is July 19, 2020. Thus, the Sale Hearing will not occur prior to the current deadline for executory contracts and unexpired leases of personal property. Consequently, in the exercise of his business judgment, the Trustee has determined for the benefit of the Estates that he should seek a limited extension of the Section 365(d)(1) deadline for the Contracts.

### Summary of Relief Requested

11. The Trustee requests the entry of an order extending the deadline by which he may assume or reject the Contracts, pursuant to Section 365(d)(1) of the Bankruptcy Code, through and including August 31, 2020.

### Applicable Authority

12. Section 365(d)(1) of the Bankruptcy Code states:

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

---

[2] Nothing in this Motion shall constitute an admission that any particular agreement to which the Estates may be a party constitutes an executory contract or an unexpired lease of personal property for purposes of Section 365 of the Bankruptcy Code.

13.     "Cause" is not defined in the Bankruptcy Code and is determined based on the facts and circumstances of each case.  *See Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (interpreting cause under section 362 of the Bankruptcy Code) (quoting *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.)*, 938 F.2d 731,735 (7th Cir. 1991)).  However, if a request is not made to enlarge the period to assume or reject within the sixty (60) day period identified in section 365(d)(1), the contract is deemed rejected and the court loses its discretion to extend.  *In re Benson*, 76 B.R. 381, 382 (Bankr. D. Del. 1987) ("The court has no discretion with respect to enlarging the 60-day time period if a request for extension is not made within that period"); *In re Food Barn Stores, Inc.*, 174 B.R. 1010, 1016 (Bankr. W.D. Mo. 1994) (explaining court lacks authority to grant assumption of lease once deemed rejected).

### Analysis

14.     The sixtieth (60th) day following the Petition Date is July 19, 2020.  The Trustee respectfully submits that in the present case sufficient "cause" exists for extension of the deadline to assume or reject the Contracts under Section 365(d)(1) of the Bankruptcy Code.  The Trustee believes that there may be certain executory contracts or unexpired leases that could have value to prospective purchasers.  However, at this point, the Trustee is still completing his diligence with respect to the Debtors' assets and any Contracts.  Accordingly, many of the Contracts may be vital to the Trustee's ability to obtain maximum possible value from a sale of the Estates' assets. Indeed, given the current date of the Sale Hearing, the Trustee will be unable to preserve the Contracts prior to the Sale Hearing without an extension of the current deadline.

15.     At the present time, the Trustee believes that preserving all of the Contracts for an additional period of time is imperative, in order to avoid the possibility that a potentially valuable

Contract will become rejected by operation of law.

16. The Trustee believes that his requested extension – through and including August 31, 2020 – would allow him sufficient time to evaluate, market, and sell, or otherwise dispose of, the Debtors' assets. The Trustee respectfully submits that this extension is reasonable, and should be approved under these circumstances.

**Notice**

17. Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) the parties appearing in Schedule G of the Schedules of Assets and Liabilities prepared by the Debtors; and (iv) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002. In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the form attached hereto extending the time for the assumption or rejection of the Contracts, through and including August 31, 2020, without prejudice to the Trustee's ability to request and obtain additional extensions, and granting any such other and further relief as is just and proper.

Dated: June 12, 2020            COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2000; F: (302) 295-2013
mfelger@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Proposed Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*