## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | ) | Case No. 20-11169 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: July 6, 2020 at 11:00 a.m. (ET)** |
|  | ) | **Objection Deadline: June 29, 2020 at 4:00 p.m. (ET)** |

### CHAPTER 7 TRUSTEE'S OMNIBUS MOTION SEEKING ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, AND (II) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this motion (this "Motion") pursuant to Sections 105(a), 365(a), and 554(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, substantially in the form attached hereto as Exhibit "A" (the "Proposed Order"), (A) authorizing (i) the rejection of certain executory contracts (the "Contracts") and unexpired leases, including any guaranties thereof and any amendments, modifications, or subleases thereto for nonresidential real property (the "Leases", and together with the Contracts, the "Agreements"), as set forth on Annex 1 to Exhibit A attached hereto and (B) the abandonment of certain equipment, fixtures, furniture, or other personal property (the

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

"Personal Property") that may be located at the premises leased in such Leases (the "Premises");
and (b) granting related relief. In support of this Motion, the Trustee respectfully states as
follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and the
Amended Standing Order of Reference from the United States District Court for the District of
Delaware, dated as of February 29, 2012 (the "Amended Standing Order"). This is a core
proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent
with Article III of the United States Constitution. Venue is proper in this Court pursuant to 28
U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Sections 105(a),
365(a), and 554(a) of the Bankruptcy Code, Bankruptcy Rule 6004, 6006, and 6007, and Local
Rule 9013-1.

**BACKGROUND**

3. On May 20, 2020, the Debtors filed voluntary petitions for relief under Chapter 7
of the Bankruptcy Code. The cases are being jointly administered.

4. On or about May 21, 2020, Jeoffrey L. Burtch was appointed as interim trustee of
the Estates pursuant to Section 701 of the Bankruptcy Code.

5. Since his appointment, the Trustee has been working diligently to evaluate and
secure the assets of the Estates. The Trustee is currently in the midst of a sale process, with a
sale approval hearing scheduled for July 20, 2020.

<u>**AGREEMENTS TO BE REJECTED**</u>

6.      Through this Motion, the Trustee seeks to reject (i) any and all Contracts between any of the Debtors and Messianic, Inc. d/b/a PayJunction ("<u>PayJunction</u>") including those described on Annex 1(a) to Exhibit "A" attached hereto and incorporated by reference, and (ii) five (5) Leases that the Trustee has determined have no value to the Estates, as described on Annex 1(b) to Exhibit "A".

7.      The Contracts are credit card processing agreements, which provide no benefit to the Estates since the Trustee has not operated, and is not operating, the Debtors' businesses. In fact, PayJunction requested that the Trustee reject the Contracts just eight days into this case, and the Trustee agreed two days later to reject the Contracts and allow PayJunction to enter into direct agreements with the medical practices. As such, the Trustee is following through on this prior agreement to reject the Contracts, as they are of no benefit to the Estates. The Trustee notes that he is seeking authority to reject the Contracts *nunc pro tunc* to the petition date. The Trustee submits that doing so is appropriate under the circumstances. Because he has never operated the Debtors' business, he has never used, or had need of, Pay Junction's services. Indeed, within the first few days of the case, at Pay Junction's request, the Trustee informed Pay Junction that he would be promptly rejecting the Contracts.

8.      The Leases to be rejected will provide no benefit to the Estates or these Chapter 7 cases, as of the proposed effective dates of rejection as set forth on Annex 1(b) to Exhibit A. Absent rejection, the Estates could be hampered with ongoing post-petition obligations. Indeed, in addition to their obligations to pay fees, rent and other associated costs under the Leases, the Estates would be obligated to pay certain costs, including real property taxes, utilities, insurance, and other related charges associated with the Leases. The Trustee has determined in his business

judgment that such obligations would constitute a waste of estate assets, because the costs related thereto would exceed any marginal benefits that could potentially be achieved from assignments of the Leases.

9. Accordingly, in the exercise of the Trustee's sound business judgment, the Trustee has determined that rejecting the Agreements set forth in Annex 1 is in the best interests of the Estates and their creditors.

10. With respect to those Leases with a proposed rejection date as the date of this Motion, the Trustee hereby irrevocably surrenders possession of the Premises and waives the right to withdraw this Motion.

### PERSONAL PROPERTY TO BE ABANDONED

11. To the extent that any Personal Property remains at the Premises as of the proposed effective date of the rejection, the Trustee has evaluated such remaining Personal Property at the Premises and has determined that (a) the Personal Property is of inconsequential value, or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Estates. Further, the remaining Personal Property, if any, will no longer be necessary for the administration of the Estates.

12. Accordingly, to reduce administrative costs and, in the exercise of the Trustee's sound business judgment, the Trustee believes that the abandonment of the Personal Property that may be located at each of the Premises, if any, is appropriate and in the best interests of the Estates and their creditors.

**BASIS FOR REQUESTED RELIEF**

I.      **The Rejection of the Agreements is Appropriate and Provides the Estates with Significant Cost Savings.**

13.      Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

14.      Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a trustee has exercised his/her sound business judgment in determining that rejection of certain contracts or leases is in the best interests of the estate's creditors and all parties in interest, a court should approve the rejection under Section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996),

*appeal dismissed,* 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

15. The Agreements are not a source of potential value for the Estates or their creditors. Further, the Trustee's obligations to perform certain duties and pay postpetition rent, real estate taxes, utilities, insurance, and other related charges as well as, in certain cases, pre-petition amounts due and related charges eliminates any potential value of the Leases to the Estates—including any potential value from an assignment thereof. The Trustee seeks to stop the accrual of administrative rent and other charges under the Leases, especially in light of the ongoing sale process and the need to remain current on obligations pursuant to 11 U.S.C. § 365(d)(3).

16. Accordingly, the Trustee has determined that the Agreements are burdensome to the Estates and of inconsequential value to the Estates and, therefore, rejection of the Agreements reflects the Trustee's exercise of sound business judgment.

**II.     The Abandonment of Personal Property is Appropriate**

17. The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id*. Courts generally give great deference to a trustee's decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a trustee has

6

shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.*

18.     The Trustee has determined that the costs of moving and storing any Personal Property at the various premises outweigh any benefit to the Estates.  Further, any efforts by the Trustee to move or market the Personal Property could unnecessarily delay the Trustee's surrender of the Premises and the rejection of the Leases.  Accordingly, it is in the best interests of the Estates and their creditors for the Trustee to abandon Personal Property remaining at the Premises as of the proposed effective date of rejection.

19.     Courts in this jurisdiction have approved relief similar to the relief requested herein.  *See, e.g., In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 28, 2019) (authorizing, but not directing, the debtors to abandon personal property that may be located at the debtors' leased premises that are subject to a rejected lease); *In re Charming Charlie Holdings Inc.*, No. 17-12906 (CSS) (Bankr. D. Del. Jan. 10, 2018) (same); *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. June 8, 2016) (same); *In re Sports Auth. Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Apr. 4, 2016) (same); *In re Samson Res. Corp.*, No. 5-11934 (CSS) (Bankr. D. Del. Feb. 19, 2016) (same).

<u>**RESERVATION OF RIGHTS**</u>

20.     Nothing contained in this Motion or any actions taken by the Trustee pursuant to relief granted in the Order is intended or shall be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against an Estate; (b) a waiver of the Trustee's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this

Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trustee or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and the Trustee and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. If the Court grants the relief sought herein, any payment made pursuant to the Court's Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trustee's or any other party in interest's right to subsequently dispute such claim.

## WAIVER OF BANKRUPTCY RULES 6004(A) AND 6004(H)

21. To implement the foregoing successfully, the Trustee requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Trustee has established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## CONSENT TO JURISDICTION

22. Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## NOTICE

23.     The Trustee will provide notice of this Motion to: (a) the United States Trustee for the District of Delaware; (b) the Estates' secured creditors; (c) the counterparties to the Agreements listed on Annex 1 to Exhibit A; and (d) any party that requests service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.

## NO PRIOR REQUEST

24.     The Trustee has not previously sought the relief requested herein from this or any other Court.

## CONCLUSION

WHEREFORE, the Trustees respectfully requests entry of the Proposed Order, and such other and further relief as is just and proper.

Dated:  June 18, 2020

COZEN O'CONNOR

*/s/ Mark E. Felger*

Mark E. Felger (No. 5269)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone:  (302) 295-2000
Facsimile:  (302) 295-2013
Email:  gfischer@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Proposed Counsel for Interim Chapter 7 Trustee*