| | | |
|---|---|---|
| In re:<br><br>INTEGRAMED HOLDING CORP., *et al.*,[1]<br><br>Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Case No. 20-11169 (LSS)<br><br>(Jointly Administered)<br><br>**Hearing Date: September 2, 2020 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 26, 2020 at 4:00 (ET)** |

## TRUSTEE'S MOTION FOR ENTRY OF ORDER: (I) FURTHER EXTENDING TIME TO ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO 11 U.S.C. § 365(d)(1); (II) EXTENDING TIME TO ASSUME UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO 11 U.S.C. § 365(d)(4); AND (III) APPROVING PROCEDURES REGARDING REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby files this Motion for Entry of Order: (I) Further Extending Time to Assume Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(d)(1); (II) Extending Time to Assume Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4); and (III) Approving Procedures Regarding Rejection of Executory Contracts and Unexpired Leases (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

## Jurisdiction, Core Nature, and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1409.

2.      The statutory predicates for the relief sought herein are Sections 105 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").[2]

3.      Pursuant to Local Rule 9013-l(f), the Trustee consents to the entry of a final order with respect to this Motion if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

### Background

4.      On May 20, 2020, the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code.  The Debtors' cases are being jointly administered.

5.      On or about May 21, 2020, Jeoffrey L. Burtch was appointed as interim trustee of the Estates pursuant to Section 701 of the Bankruptcy Code.

6.      On June 12, 2020, the Trustee filed his Motion to Extend Time to Assume or Reject Executory Contracts and Unexpired Leases of Personal Property. [D.I. 82]

7.      On July 6, 2020, the Court entered its Order Granting Trustee's Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(d)(1), extending the deadline by which the Trustee must assume executory contracts and unexpired leases of personal property and residential real property

---

[2] Local Rule 9006-2 provides as follows:

> Unless otherwise provided in the Code or in the Fed. R. Bankr. P., if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Code, the Fed. R. Bankr. P., these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order.

through August 31, 2020. [D.I. 203]

8. Pursuant to section 365(d)(4), the deadline by which a trustee is required to assume or reject unexpired leases of nonresidential real property is 120 days after the petition date, which, in this case, is September 17, 2020.

9. Since his appointment, the Trustee has been working diligently to evaluate, secure, and liquidate the assets of the Debtors, and otherwise to administer these complex cases.

10. On June 1, 2020, the Trustee filed a motion for entry of: (I) an order: (a) approving bidding procedures in connection with the sale of substantially all of the Estates' assets; (b) scheduling an auction and hearing to consider the proposed sale; and (c) approving the form and manner of notice thereof; and (II) an order: (a) approving the sale; (b) authorizing the assumption and assignment of executory contracts and unexpired leases; and (c) granting related relief. [D.I. 35]

11. On June 8, 2020, the Court entered its Order (A) Approving Bidding Procedures in Connection with Sale of Substantially all of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof. [D.I. 72]

12. On July 30 and 31, 2020, the Court entered three orders approving three separate sales, pursuant to which the Trustee was authorized to sell a substantial portion of the assets of the Estates, including certain executory contracts and unexpired leases. [D.I. 282, 283, 285]. The Trustee has closed one of these transactions and expects to close the other two later this week. The Trustee is in negotiations with other parties and expects to seek approval of additional transactions under the pending sale motion.

13. The Trustee has made substantial progress in administering the assets of the

Estates, but due in large part to complex legal and factual issues related to certain of the Debtors' executory contracts, is not yet able to definitively identify those of the remaining contracts and leases that may have value to the Estates.

14. The Trustee must make certain that the Debtors' remaining executory contracts and unexpired leases will not be deemed rejected by operation of law before he has: (a) had the necessary time to determine whether there is an opportunity to sell the estates' interests in them; or (b) determined in his reasonable business judgment that such executory contracts and unexpired leases have no value to the Estates.

15. Consequently, in the exercise of his business judgment, the Trustee has determined that it is necessary to seek a further extension of the Section 365(d)(1) deadline and an initial extension of the Section 365(d)(4) deadline.

16. The Trustee is further requesting that the Court approve certain procedures (the "Rejection Procedures") by which the Trustee will be authorized to reject those executory contracts and unexpired leases that the Trustee determines to be of inconsequential value to the Estates. The Rejection Procedures, as described more fully below, will promote the efficient administration of the Estates.

17. As the Trustee continues his evaluation of potential sales of the Estates' assets, he will, from time to time in the sound exercise of his business judgment, determine that it is in the best interests of the Estates, creditors, and all parties in interest to reject certain executory contracts and unexpired leases. Accordingly, the Trustee requests that the Court enter an order approving the procedures set forth below, which shall govern the rejection of any such contracts and leases. The Trustee submits that the streamlined procedures set forth below are in the best interests of the Estates because such procedures will allow the Trustee to immediately

4

terminate potential administrative expenses without the delay and additional cost that would be incurred if separate motions were necessary for each rejection decision.

18.     Rather than filing separate motions, and incurring the expenses and delay attendant thereto, the Trustee believes that the following Rejection Procedures are in the best interests of the Estates and should be approved:

a.      The Trustee will file with the Court a written notice (the "Rejection Notice") of intent to reject any executory contract or unexpired lease, and will serve the Rejection Notice via overnight delivery service upon the following parties (collectively, the "Rejection Notice Parties"): (i) the counterparties affected by the Rejection Notice and any parties to any subleases; (ii) the U.S. Trustee; and (iii) any other interested parties with respect to such contract or lease reasonably known to the Trustee.

b.      The Rejection Notice will be substantially in the form annexed as Schedule 1 to Exhibit A hereto, and will set forth the following information to the best of the Trustee's knowledge: (i) the name and address of the affected counterparties, and their counsel if known; (ii) a description of each contract or lease to be rejected, including, with respect to any lease of real property, the street address or other description of the real property; and (iii) a description of the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).

c.      Any party wishing to object to a proposed rejection must file and serve a written objection so that such objection is filed with the Court and actually received by counsel for the Trustee and the Rejection Notice Parties no later than five (5) business days after the date that the Trustee served the Rejection Notice for such Contract or Lease (the "Rejection Objection Deadline").

d.      The Trustee may withdraw any Rejection Notice by providing notice to the Rejection Notice Parties at any time prior to the Rejection Objection Deadline.

e.      If a party in interest files an objection to a Rejection Notice prior to the Rejection Objection Deadline, unless the parties agree otherwise in writing, a hearing will be scheduled on no less than ten (10) business days' notice to consider that

objection.  If no objection is timely filed and received, or if an objection is timely filed but is ultimately overruled by the Court or withdrawn, the applicable contract or lease shall be deemed rejected effective as of the later of: (i) the Rejection Objection Deadline; or (ii) with respect to any lease of real property, the date on which possession has been surrendered to the landlord.

f.      If the Debtors have deposited monies with a lessor as a security deposit or other arrangement in connection with a lease that is rejected pursuant to these procedures, such lessor may not setoff, recoup, or otherwise use such deposit without first obtaining prior approval of the Court.

g.      If, in connection with the rejection of a lease, the Trustee determines that any personal property located in or on the premises has no value or the cost of removing the property exceeds the value of the property, the Trustee shall provide a general description of the property and indicate his intention to abandon such property in the relevant Rejection Notice. Absent a timely objection, such property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as-is, where-is, and free and clear of any liens or encumbrances, effective as of the date of the rejection of the underlying lease. Upon abandonment, the lessor may take possession of or dispose of such property without further notice or order of the Court and free of liability to the Trustee or the Estates for such action.  The right of any party in interest to assert a claim for costs associated with such abandoned property shall be fully preserved, provided that such claim must be made in accordance with the procedures established below for the filing of proofs of claim.  The Trustee's rights to contest any such claims are fully preserved.

h.      If an affected lessor, counterparty, or any other party in interest (the "Rejection Claimant") asserts a claim or claims arising from the rejection of a Contract or Lease, such Rejection Claimant shall file a proof of claim in accordance with Local Rule 3001-1 on or before the later of: (i) the date that is 30 days after the effective date of rejection of such contract or lease; or (ii) the general bar date established by the Court for filing proofs of claim.  If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

**Summary of Relief Requested**

19.     The Trustee requests the entry of an order: (a) extending the deadline by which he may assume or reject executory contracts and unexpired leases, pursuant to Section 365(d)(1) and (d)(4) of the Bankruptcy Code, through and including October 31, 2020; and (b) approving procedures by which the Trustee will be authorized to reject executory contracts and unexpired leases.

**Applicable Authority and Analysis**

**A.  Extension of Time to Assume or Reject**

20.     Section 365(d) of the Bankruptcy Code provides, in relevant part:

(1) In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected…

(4)

(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—

(i) the date that is 120 days after the date of the order for relief; or

(ii) the date of the entry of an order confirming a plan.

(B)

(i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause…

21.     "Cause" is not defined in the Bankruptcy Code and is determined based on the

7

facts and circumstances of each case. *See Izzarelli v. Rexene Prods. Co. (In re Rexene Prods. Co.)*, 141 B.R. 574, 576 (Bankr. D. Del. 1992) (interpreting cause under section 362 of the Bankruptcy Code) (quoting *Int'l Bus. Machines v. Fernstrom Storage and Van Co. (In re Fernstrom Storage and Van Co.*), 938 F.2d 731,735 (7th Cir. 1991)). As the Third Circuit has stated, nothing prevents a bankruptcy court from granting an extension if additional time to determine whether to assume or reject is needed. *See Legacy, Ltd. v. Channel Home Ctrs., Inc. (Channel Home Ctrs. Inc.)*, 989 F.2d 682, 689 (3d Cir. 1993) ("it is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating"), *cert. denied*, 114 S.Ct. 184 (1993). In fact, courts routinely grant extensions of the deadline to assume or reject executory contracts and unexpired leases if the initial period has proven to be inadequate. *See Coleman Oil Co. v. Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n.5 (9th Cir. 1997) (stating that bankruptcy courts often grant requests to extend the period to assume or reject), *cert. denied*, 552 U.S. 1148 (1998).

22. Pursuant to the Court's Order Granting Trustee's Motion for Entry of Order Extending Time to Assume or Reject Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(d)(1) [D.I. 203], August 31, 2020 is the current deadline by which the Trustee is required to assume or reject executory contracts and unexpired leases of residential real property and personal property.

23. The initial 120-day period for assumption or rejection of nonresidential leases is September 17, 2020.

24. The Trustee respectfully submits that in the present case sufficient "cause" exists to extend the deadline by which he must assume or reject executory contracts and unexpired leases until October 31, 2020. The Trustee believes that there may be certain executory contracts

or unexpired leases that have not yet been assumed or rejected that may be of value to the Estates. However, at this point, the Trustee is still exploring the possibility of selling the remaining assets of the Estates, and is therefore not currently able to identify which contracts and leases should be assumed. At the present time, the Trustee believes that preserving all remaining executory contracts and unexpired leases that have not otherwise expired or been rejected for an additional period of time is imperative.

25. The Trustee believes that his requested extension – through and including October 31, 2020 – would allow him sufficient time to evaluate, market, and sell, or otherwise dispose of, the remaining assets of the Estates. The Trustee respectfully submits that this extension is reasonable, and should be approved under these circumstances.

### B. Approval of Rejection Procedures

26. The Rejection Procedures will streamline the Trustee's ability to reject burdensome executory contracts and unexpired leases that provide no benefit to the Estates, and thereby minimize unnecessary post-petition obligations, while also providing landlords and other affected parties with adequate notice of rejection of any such Leases and Contracts and an opportunity to object to such rejection within a reasonable time period. Accordingly, the Trustee believes that approval of the Rejection Procedures will benefit the Estates, creditors, and other parties-in-interest by minimizing the delay and expense of seeking separate court approval for the rejection of each contract or lease, and allowing the Trustee to avoid the potential accrual of administrative expenses.

19. Section 365(a) of the Bankruptcy Code provides that a trustee "subject to the court's approval, may ... reject any executory contract or unexpired lease of the debtor." The standard applied to determine whether the rejection of an executory contract or

unexpired lease should be authorized is the "business judgment" standard. *Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp.,* 872 F.2d 36, 39 (3d Cir. 1989); *NLRB v. Bildisco & Bildisco (In re Bildisco),* 682 F.2d 72, 79 (3d Cir. 1982), *aff'd,* 465 U.S. 513 (1984); *see also NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 524 (1984). Rejection is appropriate if it would benefit the estate. *See Sharon Steel Corp.,* 872 F.2d at 39 *(citing Wheeling-Pittsburgh Steel Corp. v. West Penn Power Co. (In re Wheeling-Pittsburgh Steel Corp.),* 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)). The business judgment standard requires that a court approve the trustee's business decision unless it is the product of bad faith, whim, or caprice. *See In re Trans World Airlines, Inc.,* 261 B.R. 103, 121 (Bankr. D. Del. 2001); *see also Lubrizol Enter., Inc. v. Richmond Metal Finishers,* 756 F.2d 1043, 1047 (4th Cir. 1985), *cert. denied*, 475 U.S. 1057 (1986).

20. Upon finding that the Trustee has exercised sound business judgment in determining that rejection of a contract or lease is in the best interests of the Estates, the Court should approve rejection. *See, e.g., In re Bradlees Stores, Inc.,* 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.),* 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

21. Additionally, section 105(a) of the Bankruptcy Code provides a bankruptcy court with broad powers in the administration of a case under title 11. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a). Provided that a bankruptcy court does not employ its equitable powers to achieve a result not contemplated by the Bankruptcy Code, the

exercise of its section 105(a) power is proper. *See In re Fesco Plastics Corp.,* 996 F.2d 152, 154 (7th Cir. 1993); *Pincus* v. *Graduate Loan Ctr. (In re Pincus),* 280 B.R. 303, 312 (Bankr. S.D.N.Y. 2002). Pursuant to section 105(a), a court may fashion an order or decree that helps preserve or protect the value of the estate. *See, e.g., In re Chinichian,* 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code").

22.     Approval of the proposed Rejection Procedures is entirely within this Court's authority under section 105, and similar procedures have been routinely approved by courts in this district. *See, e.g., In re Charlotte Russe Holding, Inc.*, No. 19-10210 (LSS) (Bankr. D. Del. March 4, 2019); *In re Charming Charlie Holdings 1nc*., No. 17-12906 (CSS) (Bankr. D. Del. Jan. 1, 2018).

23.     The Trustee respectfully submits that the proposed Rejection Procedures are appropriate, supported by sound business judgment, and reasonably tailored to provide adequate notice. Non-debtor counterparties to contracts and leases will then be given an opportunity to object to the proposed rejection and the Court will retain authority to rule on such objections. Accordingly, all parties are afforded ample protections, and the Trustee submits that implementation of the proposed Rejection Procedures is appropriate in these cases.

### Reservation of Rights

23.     The Trustee may have claims against certain counterparties to contracts and leases arising under, or independent of, the contracts and leases. Nothing in this Motion shall be deemed to be a waiver of such claims. The Trustee reserves all rights with respect to the contracts and leases, including, but not limited to, the right to contest any claims that arise out of their rejection. Nothing contained herein is intended or shall be construed as: (a) an

admission as to the validity of any claims; (b) a waiver of any rights to dispute any claim; or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

**Notice**

24.     Notice of this Motion has been given to (i) the Office of the United States Trustee; (ii) the Debtors' counsel; (iii) Counterparties to remaining executory contracts and unexpired leases; and (iv) all parties who have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.  In light of the nature of the relief requested, the Trustee submits that no further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order substantially in the form attached hereto: (a) extending the time for the assumption or rejection of executory contracts and unexpired leases, through and including October 31, 2020, without prejudice to the Trustee's ability to request and obtain additional extensions; (b) approving the Rejection Procedures; and (c) granting any such other and further relief as is just and equitable.

Dated:  August 11, 2020             COZEN O'CONNOR

*/s/ Mark E. Felger*
Mark E. Felger (No. 3919)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
T: (302) 295-2000; F: (302) 295-2013
mfelger@cozen.com

*Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*