## Schedule 1

[Form of Rejection Notice]

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | ) | Case No. 20-11169 (LSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **RE: Docket Item _____** |
|  | ) |  |

## NOTICE OF REJECTION

TO:  [Name and address of affected counterparties]

Re:  [Description of Contract or Lease] (the ["Contract"/"Lease"])

**PLEASE TAKE NOTICE** that on [_____], 2020, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered its Order: (I) Further Extending Time to Assume Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365(d)(1); (II) Extending Time to Assume Unexpired Leases of Nonresidential Real Property Pursuant to 11 U.S.C. § 365(d)(4); and (III) Approving Procedures Regarding Rejection of Executory Contracts and Unexpired Leases [Docket No. ___] (the "Order").

**PLEASE TAKE FURTHER NOTICE,** that pursuant to the terms of the Order, Jeoffrey L. Burtch, the chapter 7 trustee in the above-captioned cases (the "Trustee"), hereby provides notice of his intent to reject the above-referenced [Contract/Lease].  Pursuant to the terms of the Order, unless an objection is filed and served as provided below, within five (5) business days from the date of this Notice (the "Rejection Objection Deadline"), the [Contract/Lease] shall be deemed rejected effective as of [the later of] the Rejection Objection Deadline [or the date on which possession has been surrendered to the landlord].

**PLEASE TAKE FURTHER NOTICE,** that, in connection with the rejection of the Lease, the Debtors also intend to abandon the following personal property located in or on the premises:

[Description of property to be abandoned].

**PLEASE TAKE FURTHER NOTICE,** that any objection to the rejection of the [Contract/Lease] must be filed and served upon: (i) the counterparties or lessors affected by the Rejection Notice and any parties to any subleases; (ii) the U.S. Trustee; (iii) any other interested parties with respect to such contract or lease as identified by the Trustee in the Rejection Notice; and (iv) counsel for the Trustee, so as actually to have been received prior to the Rejection Objection Deadline.  In the event an objection is timely filed, unless the parties agree otherwise in

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

writing, a hearing will be scheduled to consider that objection on no less than ten (10) business days' notice.

**PLEASE TAKE FURTHER NOTICE,** that, if the Debtors have deposited monies with a lessor as a security deposit or other arrangement in connection with a lease that is rejected pursuant to these procedures, such lessor may not setoff, recoup or otherwise use such deposit without first obtaining prior approval of the Court.

**PLEASE TAKE FURTHER NOTICE,** that, if an affected counterparty or any other party in interest (the "Rejection Claimant") asserts a claim or claims against the Debtors' estates arising from the rejection of a Contract or Lease, such Rejection Claimant shall file a proof of claim in accordance with Rule 3001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware on or before the later of: (i) the date that is 30 days after the effective date of rejection of such contract or lease; or (ii) the general bar date established by the Court for filing proofs of claim. If a Rejection Claimant does not timely file such proof of claim, such claimant shall be forever barred from asserting a claim for such rejection damages.

**PLEASE TAKE FURTHER NOTICE,** that the Trustee may have claims against counterparties to contracts and leases arising under, or independent of, the contracts and leases. The Trustee does not waive such claims by reason of the rejection of the contracts and leases. The Trustee reserves all rights with respect to the contracts and leases, including, but not limited to, the right to contest any claims that arise out of their rejection. Nothing contained herein is intended to be or shall be construed as: (a) an admission as to the validity of any claim; (b) a waiver of any rights to dispute any claim; or (c) an approval or assumption of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

Dated:                                              COZEN O'CONNOR


                                                    */s/*_____
                                                    Mark E. Felger (No. 3919)
                                                    1201 N. Market Street, Suite 1001
                                                    Wilmington, DE 19801
                                                    T: (302) 295-2000; F: (302) 295-2013
                                                    mfelger@cozen.com

                                                    *Counsel to Jeoffrey L. Burtch, Chapter 7 Trustee*