IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| INTEGRAMED HOLDING CORP., et al.[1] | ) ) ) | Case No. 20-11169 (LSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) ) | |
| | ) | **Hearing Date: Sept. 30, 2020 at 10:00 a.m. (ET)** |
| | ) | **Objection Deadline: Sept. 10, 2020 at 4 p.m. (ET)** |
| | ) ) | **Re: D.I. 315** |

## LIMITED OBJECTION OF UNC FERTILITY, LLC TO FERTILITY NEWCO LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND BANKRUPTCY RULE 4001

UNC Fertility, LLC ("UNC Fertility"), by and through undersigned counsel, hereby files this limited objection to Fertility Newco, LLC's Motion for Relief from the Automatic Stay Pursuant to Bankruptcy Code Section 362(d) and Bankruptcy Rule 4001 (D.I. 315) (the "Motion").[2] In support of its limited objection, UNC Fertility respectfully represents to the Court as follows:

### BACKGROUND

1. On May 20, 2020 (the "Petition Date"), the Debtors in the above-captioned jointly administered cases filed voluntary petitions under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

2. UNC Fertility is a medical practice specializing in gynecological services and treatment of human infertility, including the provision of in-vitro fertilization and other assisted

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

reproductive services. It is wholly owned by the University of North Carolina Health Care System, an academic medical center located in Chapel Hill, North Carolina.

3. UNC Fertility and Debtor IntegraMed America, Inc. ("IntegraMed") are parties to that certain Management Agreement, dated as of February 1, 2012, and amended by that First Amendment to Management Agreement dated January 1, 2013 (together, the "MSA"). Pursuant to the MSA, IntegraMed is obligated to provide to UNC Fertility certain assets (such as facilities and equipment) and support services, including, without limitation (i) financial management; (ii) administrative systems; (iii) operations management; and (iv) capital or access to capital (the "Services"). In exchange, UNC Fertility (i) assigns and sells its receivables and patient payments to IntegraMed on a recurring monthly basis; (ii) pays IntegraMed a base service fee; (iii) pays IntegraMed a percentage share of pre-distribution earnings; and (iv) repays IntegraMed, in cash, a monthly amount equal to the depreciation expenses associated with capital expenditures paid by IntegraMed on behalf of UNC Fertility.

4. UNC Fertility and IntegraMed are also parties to that certain Attain® IVF Multi-cycle Programs: Partner Practice Fee Schedule dated May 30, 2017 (the "Attain Agreement"), pursuant to which IntegraMed offers patients treatment payment programs for in-vitro fertilization services which UNC Fertility provides.

5. Prior to the petition date, Fertility Newco, LLC ("FNC") purchased certain intellectual property assets from the Debtors and the outstanding indebtedness owed to the Debtors' largest secured creditor. Based on statements made by FNC's counsel, FNC planned a proposed sale of assets under Article 9 of the Uniform Commercial Code. However, that sale did not occur, and instead, FNC refused to fund the Debtors' operations further through either an out

of court sale process or a Chapter 11 sale process, causing the Debtors to seek relief under Chapter 7 of the Bankruptcy Code.

6. During the bankruptcy case, the Chapter 7 Trustee (the "Trustee") has scrambled to manage a pseudo-Chapter 11 process inside a Chapter 7 framework. The Trustee has been unable to perform under the various management services agreements of the Debtors with clinics and has entered into stipulations allowing the clinics to assume most of the liabilities and operations of the clinics to maintain continuity of patient care. With minimal funding, the Trustee set up a bidding and sale process in the case in an attempt to generate value for FNC and the bankruptcy estate.

7. Specifically, on June 1, 2020, the Trustee filed the *Trustee's Motion for Entry of (I) an Order (A) Approving Bidding Procedures in Connection with a Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* (D.I. 35) (the "Sale Motion").

8. On June 8, 2020, the Court entered an *Order Granting Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection with a Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof* (D.I. 72) (the "Bid Procedures Order").

9. In accordance with the Bid Procedures Order, on June 12, 2020, the Trustee filed a *Notice of Executory Contracts and Unexpired Leases That May be Assumed and Assigned, Pursuant to Section 365 of the Bankruptcy Code, in Connection with the Sale of Substantially All of the Debtors' Assets, and the Proposed Cure Amounts* (D.I. 83) (the "Cure Notice").

10. On July 17, 2020, an auction was conducted in accordance with the Bidding Procedures (as such term is defined in the Sale Motion), and a hearing was held on the Sale Motion on July 23, 2020. At the auction, <u>FNC</u> emerged as the highest bidder for substantially all of the Debtors' assets, and on July 31, 2020, the Court entered its *Order Approving the Sale of the Debtors' Assets Free and Clear of All Claims, Liens, Rights, Interests and Encumbrances to Fertility Newco, LLC* (D.I. 285) (the "<u>Sale Order</u>"). FNC's bid did not include the MSA, and as such, the MSA was not assumed and assigned to FNC. Additionally, FNC did not purchase any of the Debtors' assets otherwise relating to UNC Fertility or located at the UNC Fertility clinic, including, without limitation, the Attain Agreement.

11. On August 27, 2020, FNC filed the Motion, seeking relief from the automatic stay to foreclose on certain Prepetition Collateral in the event that the Court determines that the Trustee may not assume and assign to FNC certain management services agreements. In particular, the Trustee seeks authority to foreclose upon its Prepetition Collateral related to or located at the Seattle Medical Practice, the Defaulted Medical Practices and the Non-Assignable Medical Practices, including, but not limited to, Accounts (including Health-Care Insurance Receivables); Instruments; General Intangibles; Deposit Accounts; Equipment; Fixtures; Monies; personal property and interests in personal property; and the Defaulted MSAs and the Non-Assignable MSAs.

## **OBJECTION**

12. UNC Fertility objects to the Motion to the extent that FNC seeks, or to the extent that the Motion could be construed as seeking, authority to foreclose upon or otherwise exercise any state law rights with respect to UNC Fertility, property located at UNC Fertility clinics, or property in which UNC Fertility has an interest, including, but not limited to the MSA, the Attain

Agreement, and any other Prepetition Collateral related to UNC Fertility or located at the UNC Fertility clinic (collectively, the "UNC Fertility Assets").

13. Pursuant to the Bid Procedures Order, the Bidding Procedures established the exclusive means for interested parties to bid upon and purchase the Debtors' interests in property, including the Debtors' executory contracts. To the extent that FNC sought to acquire the Debtors' rights under the MSA or the Attain Agreement, or any other UNC Fertility Assets, it was bound to act in accordance with the Bidding Procedures. Although the MSA and the Attain Agreement are executory contracts that were included in the Trustee's Cure Notice, they were not ultimately included in FNC's bid or sold to FNC pursuant to the Sale Order. Furthermore, the time period for assuming or rejecting the Debtors' executory contracts has not yet expired, and the Trustee has obtained a further extension of the deadline through October 31, 2020. Thus, to the extent that FNC seeks relief regarding any UNC Fertility Assets, including the MSA and/or the Attain Agreement, UNC Fertility objects on the grounds that the Trustee must either assume or reject the MSA and Attain Agreement pursuant to section 365 of the Bankruptcy Code and that all of the rights and obligations between UNC Fertility and the bankruptcy estate are governed by the terms of the respective agreements.

14. Additionally, to the extent that certain of the UNC Fertility Assets constitute Prepetition Collateral of FNC, FNC has not shown that relief from the automatic stay is appropriate under section 362(d). While the Motion includes arguments that FNC is entitled to relief from stay under section 362(d)(1) and (2) with respect to certain of its Prepetition Collateral located at or related to the Seattle Medical Practice, the Defaulted Medical Practices, and the Non-Assignable Medical Practices, FNC has not made any showing to support its entitlement to relief with respect to its Prepetition Collateral located elsewhere or relating to parties other than the Objecting

Medical Practices. In particular, FNC has not made any allegations or offered any evidence with respect to the Debtors' equity in the UNC Fertility Assets or demonstrated any cause for relief with respect to the UNC Fertility Assets.

15. UNC Fertility reserves the right to amend this objection to assert any and all additional arguments.

WHEREFORE, UNC Fertility respectfully requests that the Court sustain this limited objection and deny the Motion to the extent that FNC seeks, or to the extent that the Motion could be construed as seeking, authority to foreclose upon or otherwise exercise any state law rights with respect to the UNC Fertility Assets, including, but not limited to the MSA, the Attain Agreement, and any property located at the UNC Fertility clinic, and for such other and further relief as the Court deems just and proper.

Dated: September 10, 2020

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, Delaware  19801
Telephone: (302) 416-7080
Email: steven.caponi@klgates.com
         matthew.goeller@klgates.com

-and-

Margaret R. Westbrook
4350 Lassiter at North Hills Ave.
Suite 300 (27609)
P.O. Box 17047
Raleigh, North Carolina 27619
Telephone: (919) 743-7311
E-mail: margaret.westbrook@klgates.com

*Counsel to UNC Fertility, LLC*

## **CERTIFICATE OF SERVICE**

      I, Matthew B. Goeller, hereby certify that on September 10, 2020, I caused a copy of the foregoing document to be served on those persons receiving notice through CM/ECF, including, but not limited to, the parties listed below.

Cozen O'Connor
Attn: Mark E. Felger, Esq.
1201 N. Market St., Ste. 1001
Wilmington, DE 19801

Cozen O'Connor
Attn: Eric L. Scherling
1640 Market Street, Suite 2800
Philadelphia, PA 19103

Fertility Newco, LLC
c/o McDermott Will & Emery LLP
Attn: Maris J. Kandestin
The Nemours Building
1007 North Orange Street, 4th Floor
Wilmington, DE 19801

Fertility Newco, LLC
c/o McDermott Will & Emery LLP
Attn: Andrew B. Kratenstein
340 Madison Avenue
New York, NY 10173-1922

Fertility Newco, LLC
c/o Ropes & Gray LLP
Attn: Gregg M. Galardi
1211 Avenue of the Americas
New York, NY 10036

The Office of the United States Trustee
844 King Street, Suite 2207, Lockbox 35
Wilmington, DE 19081

                                                  /s/ *Matthew B. Goeller*
                                                  Matthew B. Goeller (No. 6283)