## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | Case No. 20-11169 (LSS) |
| Debtor. | (Jointly Administered) |
| | **Re: Docket No. 315** |

### IDAHO CENTER FOR REPRODUCTIVE MEDICINE'S OBJECTION TO FERTILITY NEWCO LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO BANKRUPTCY CODE SECTION 362(d) AND BANKRUPTCY RULE 4001

Idaho Center for Reproductive Medicine (the "Idaho Clinic") submits this Objection to Fertility NewCo LLC's Motion for Relief from the Automatic Stay Pursuant to Bankruptcy Code Section 362(d) and Bankruptcy Rule 4001 (Dkt. 315) (the "Stay Relief Motion" or "Motion").

### Introduction

1.       On June 1, 2020, Chapter 7 Trustee Jeoffrey L. Burtch ("Trustee") filed Trustee's Motion for Entry of an Order (A) Approving Bidding Procedures in Connection With Sale of Substantially All of the Estates' Assets, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; and (II) an Order (A) Approving the Sale, (B) Authorizing the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief (Dkt. 35) (the "Assignment Motion").  In his Assignment Motion, Trustee sought, among other things, an order authorizing Trustee to assume and assign the First Amended and Restated Management Agreement among

---

[1]       The Debtors in theses cases are the following entities (the respective case numbers for each estate follow in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS) (the "Debtors").

IntegraMed America, Inc., Idaho Center for Reproductive Medicine, P.C., and Idaho Reproductive

Labs, Inc. (the "Idaho MSA") pursuant to section 365(c)(1) of the Bankruptcy Code.

2.      On July 10, 2020, the Court delivered a bench ruling denying Trustee's Assignment

Motion.  On August 4, 2020, the Court entered a corresponding order prohibiting  Trustee from

assuming or assigning the Idaho MSA (Dkt. 292) (the "Non-Assumption Order").

3.      On August 11, 2020, Trustee filed Trustee's Motion for Entry of Order: (I) Further

Extending Time to Assume Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C.

§ 365(d)(1); (II) Extending Time to Assume Unexpired Leases of Nonresidential Real Property

Pursuant to 11 U.S.C. § 365(d)(4); and (III) Approving Procedures Regarding Rejection of

Executory Contracts and Unexpired Leases (Dkt. 300) (the "Motion to Extend Time").  The Idaho

Clinic objected to that motion (Dkt. 310), arguing that cause does not exist to grant Trustee

additional time to assume or reject the Idaho MSA because the Court already held that the Idaho

MSA cannot be assumed or assigned.  The Court held a hearing on the Motion to Extend Time on

September 2, 2020 (the "September 2 Hearing").  The Court subsequently entered an order on

September 8, 2020 continuing the September 2 Hearing on Trustee's Motion to Extend Time to

September 30, 2020 at 10:00 a.m. (Dkt. 334).

4.      Separately, on August 18, 2020, FNC filed a motion seeking reconsideration of the

Court's Non-Assumption Order (Dkt. 304) (the "Motion to Reconsider").  The Idaho Clinic

objected to that motion, arguing that no cause for reconsideration exists (Dkt. 325).  A hearing on

the Motion to Reconsider is also scheduled to occur on September 30, 2020 at 10:00 a.m.[2]

5.      Notwithstanding the fact that Trustee's Motion to Extend Time and FNC's Motion

to Reconsider are still pending, FNC seeks in its Stay Relief Motion relief from the automatic stay

---

[2]      FNC's Stay Relief Motion will also be heard at that time.

37456104.1 09/10/2020

to commence foreclosure proceedings on certain collateral pursuant to a December 17, 2015 security agreement with IntegraMed America, Inc. (the "Security Agreement").

6.      This Court should deny FNC's Stay Relief Motion for three reasons.  First, FNC filed its Motion too early.  Second, even if the Motion were ripe for adjudication now, it should be denied because Debtor IntegraMed America, Inc. ("IntegraMed") was not entitled to grant a security interest in the Idaho MSA, making the purported collateral assignment void and of no effect.  Third, FNC has not proven that its security interest is perfected.

## FNC's Stay Relief Motion is Not Ripe for Adjudication

7.      In determining whether an issue is ripe for adjudication, courts evaluate both "the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *In re Midway Games, Inc.*, 428 B.R. 327, 332 (Bankr. D. Del. 2010) (citing *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967)).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Id.* (quoting *Texas v. U.S.*, 523 U.S. 296, 300 (1998)).

8.      FNC's Stay Relief Motion seeks relief from the automatic stay "*in the event* that the Court does not grant FNC's request for reconsideration[.]"  ¶ 28 (emphasis added).

9.      As described above, FNC's Motion for Reconsideration is still pending, as is Trustee's Motion to Extend Time.

10.     FNC is, accordingly, pursuing two irreconcilable approaches at the same time.

11.     On the one hand, FNC is very aggressively pursuing the assumption and assignment of the Idaho MSA.  It has moved for reconsideration of the Court's Non-Assumption Order.   It has actively supported Trustee's Motion to Extend Time, which is designed solely to keep alive the possibility of assumption and assignment.  At the September 2 Hearing, FNC argued to this

Court that the Court's Non-Assumption Order rejected merely one specific proposed assumption and assignment, leaving a different path to assumption and assignment—namely, assignment to an affiliate of Debtors—viable. Moreover, on top of all those things, the Non-Assumption Order remains subject to appeal.

12.     On the other hand, however, FNC is simultaneously seeking stay relief so that it can extinguish the bankruptcy estate's interest in the MSA, thereby precluding assumption and assignment, and enforce its supposed security interests directly against the Idaho Clinic.

13.     FNC's double-headed approach in this Court is merely the newest element of its maximum pressure campaign against the Idaho Clinic and the other dissenting medical practices, which includes yet a third pressure point—FNC purchased Debtors' IT platform and is separately negotiating, as a vendor, with the Idaho Clinic with respect to the Idaho Clinic's continued access to its patients' medical records and its own financial data.

14.     While the Idaho Clinic believes that the Motion to Reconsider and the Motion to Extend Time are meritless, the fact is that the Court has not yet ruled on those motions. And the clock for an appeal of the Non-Assumption Order has not even begun ticking. By seeking stay relief only "in the event that the Court does not grant FNC's request for reconsideration," ¶ 28, FNC raises an issue based on a "contingent future event[] that may not occur as anticipated, and indeed may not occur at all." *Midway Games*, 428 B.R. at 332. If the Court ultimately grants FNC's Motion for Reconsideration, FNC's Motion would be moot.

15.     This Court's rejection of FNC's request for stay relief at this time would not result in hardship to FNC. Of course, this Court's denial of the Stay Relief Motion would be without prejudice.

4

16.    On the other hand, addressing FNC's right to stay relief now would severely prejudice the Idaho Clinic.  As described above, FNC and Trustee remain actively engaged in an effort to assume and assign the Idaho MSA and certain similar MSAs.  The Idaho Clinic should not be required to address concurrently an argument that Trustee is entitled to assume and assign the Idaho MSA for the benefit of the estate (which argument FNC is supporting) and an argument that FNC is entitled to take rights arising from the Idaho MSA out of the estate.

17.    Accordingly, FNC's Stay Relief Motion is not ripe for adjudication at this time, before the Court has ruled on the Motion for Reconsideration and the Motion to Extend Time.

18.    This Court should deny FNC's Stay Relief Motion without prejudice.

19.    This Court should entertain an FNC stay relief motion only when Trustee and FNC acknowledge squarely to this Court and the medical practices that there is no path remaining for a potential assumption and assignment of the MSAs by Trustee.

**The Purported Collateral Assignment is Void Because IntegraMed Was Not Entitled to Grant a Security Interest in the Idaho MSA.**

20.    The Idaho MSA prohibits any assignment of the Idaho MSA or any rights or obligations thereunder absent the consent of all parties.  The Idaho MSA provides, simply:  "any attempted assignment without such consent *shall be void and of no force and effect.*"[3]  (emphasis added).  While that fact is not determinative to whether Trustee is entitled to assume and assign the Idaho MSA pursuant to Bankruptcy Code section 365(c)(1)(A), it is determinative to whether IntegraMed was entitled to grant a security interest in the Idaho MSA without the Idaho Clinic's consent or whether such collateral assignment is void.

---

[3] Section 11.5 of the Idaho MSA provides:  "This Agreement and the rights and obligations hereunder may not be assigned without the prior written consent of all of the parties, and any attempted assignment without such consent shall be void and of no force and effect . . . ."  The Idaho MSA is found in the record as Exhibit A to the declaration of Cristin Slater, Dkt. 160.  Dr.  Slater is the Medical Director of the Idaho Clinic.

21.     The Idaho MSA makes no distinction between absolute assignments and collateral assignments.  Indeed, the Idaho MSA states that "*any attempted assignment*" without the consent of the Idaho Clinic "shall be void and of no force and effect."  Accordingly, the Idaho MSA prohibits IntegraMed's granting of a security interest in the Idaho MSA absent the Idaho Clinic's consent.  A collateral assignment is merely one type of assignment.  *Assignment, Black's Law Dictionary* (11th ed. 2019).

22.     The Idaho Clinic did not consent to IntegraMed's granting of a security interest in the Idaho MSA to FNC's predecessor-in-interest.  Therefore, IntegraMed's purported collateral assignment is void and of no effect pursuant to the Idaho MSA's express terms.

23.     The Idaho MSA is subject to Idaho law.  The Security Agreement is subject to New York law.  Anti-assignment provisions of this type are valid and enforceable under the laws of both states.  *See Lewiston v. Pre-Mix Concrete, Inc. v. Rohde*, 110 Idaho 640, 644, 718 P.2d 551, 555 (Ct. App. 1895) (where contract prohibits assignment, an assignment without consent is voidable); *Mulberry v. Burns Concrete, Inc.,* 164 Idaho 729, 435 P.3d 509 (2019) (where contract contained no language suggesting it was assignable, purported assignment was without effect); *Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 356 (S.D.N.Y. 2013) ("New York considers an assignment 'void' when contracts unambiguously prohibit assignments.") (citing *Allhusen v. Caristo Constr. Corp.*, 103 N.E.2d 891, 893 (N.Y. 1952)); *see also* Restatement (Second) of Contracts § 322(2)(c) (providing that anti-assignment clauses are "for the benefit of the obligor").

24.     The Idaho MSA prohibited IntegraMed from granting a security interest in the Idaho MSA without the Idaho Clinic's consent, which the Idaho Clinic did not provide.  Therefore, IntegraMed's purported collateral assignment is void and of no effect.  FNC has no right to enforce

6

any purported security interest against the Idaho Clinic.  The Court must deny FNC's Stay Relief Motion on this basis.

### Conclusion

25.    FNC bears the burden of proof on its Stay Relief Motion.  Its motion does not include any evidence that its security interest is perfected by the filing of a financing statement. While FNC refers to this Court's cash collateral orders as evidence of perfection, those orders are not binding on the Idaho Clinic with respect to this issue.

26.    For the foregoing reasons, the Idaho Clinic respectfully requests that the Court deny the Motion.

Dated:  September 10, 2020

/s/ Mark Minuti
Mark Minuti (DE Bar No. 26950)
**SAUL EWING ARNSTEIN & LEHR LLP**
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE  19899-1266
Telephone:  (302) 421-6840
Facsimile:  (302) 421-5873
Email:  mark.minuti@saul.com

- and –

Robert A. Faucher, ID SBN 4745
(Admitted *Pro Hac Vice*)
**HOLLAND & HART LLP**
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID  83701-2527
Telephone:  (208) 342-5000
Facsimile:   (208) 383-6689
Email:  rfaucher@hollandhart.com

*Attorneys for Creditor Idaho Center for Reproductive Medicine LLC*