# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INTEGRAMED HOLDING CORP., et al.,[1] | : | Case No. 20-11169 (LSS) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |
| JEOFFREY L. BURTCH, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF INTEGRAMED HOLDING CORP., et al., | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 22-50341 (LSS) |
| | : | |
| v. | : | |
| | : | |
| JPMORGAN CHASE BANK, N.A., | : | |
| | : | |
| Defendant. | : | |

**Objection Deadline: October 8, 2022, at 4 p.m.**
**Hearing Date: November 10, 2022 at 10:00 a.m. (ET)**

## MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SETTLEMENT WITH JPMORGAN CHASE BANK, N.A., AND APPROVAL OF INTERIM COMPENSATION TO SPECIAL CONFLICTS COUNSEL COOCH AND TAYLOR, P.A.

Jeoffrey L. Burtch, Chapter 7 trustee for the bankruptcy estates (the "Estates") of IntegraMed Holding Corp., *et al.* (the "Debtors" or "IntegraMed"), hereby moves this Court for an Order approving the Motion of Chapter 7 Trustee To Approve Settlement with JPMorgan Chase

---

[1] Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

Bank, National Association d/b/a Chase Card Services ("Chase Card"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and for Approval of Interim Compensation to Special Conflicts Counsel Cooch and Taylor, P.A. (the "Motion") and in support of this Motion respectfully represents that:

## JURISDICTION

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On May 20, 2020, the above-captioned Debtors filed voluntary petitions for relief under Chapter 7 of Title 11 of the of the United States Code §§ 101 *et seq*. (the "Bankruptcy Code"), in the Bankruptcy Court.

3. The Debtors cases (the "Bankruptcy Cases") are being jointly administered.

4. On or about May 21, 2020, Jeoffrey L. Burtch was appointed as interim trustee of the Estates pursuant to Section 701 of the Bankruptcy Code and currently serves as the Trustee for these cases pursuant to 11 U.S.C. § 702(d).

**Settlement Payment of Potential Preference Action Contemplated by the Trustee**

5. Previously, C&T on behalf of the Trustee identified and analyzed various causes of action pursuant to Chapter 5 of Title 11. On or about July 13, 2021, and thereafter, the Trustee in the above-referenced Chapter 7 cases mailed approximately seven (7) demand letters (the "Demand Letters") to several different entities and individuals (the "Potential Defendants"). The Demand Letters asserted that in the 90 days prior to the Chapter 7 filing, the recipients of these Demand Letters received preferential transfers from the Debtors. The Demand Letters sought to

2

have these preferential transfers paid by the recipients back to the Trustee, pursuant to 11 U.S.C. §§ 547, 548 and 550.

6. On May 16, 2022 and thereafter the Trustee filed adversary complaints.

**JPMorgan Chase Bank, National Association d/b/a Chase Card Services**

7. On or about May 16, 2022 the Trustee filed an adversary complaint against Chase Card alleging that certain payments made by the Debtors to Chase Card constituted preferential payments pursuant to 11 U.S.C. §§ 547 and 550, (Adv. Pro. No. 22-50341 – LSS) (the Complaint [D.I. 1]. The Complaint seeks the return of the alleged preferential transfers, totaling $90,371.87 (the "Demand Amount").

8. The Trustee and Chase Card conducted negotiations concerning the amount owed to the Estates. The negotiations were conducted at arm's length and in good faith. Chase Card asserted defenses to the Trustee's claim, which the Trustee has analyzed and believes may have merit. The detail of the Settlement is set forth below.

9. Chase Card and the Trustee have entered into mutual releases under the Settlement Agreement, subject to Court approval of the Settlement.

10. The Trustee now seeks this Court's approval of the Chase Card Settlement and the Chase Card Recovery Payment, and the interim compensation of C&T in connection with the Recovery Payment.

11. Any amount paid by Chase Card to the Trustee in accordance with the Settlement Agreement shall be held by the Trustee in escrow pending the Court's consideration of the Settlement. If the Court approves the Chase Card Settlement, the Trustee may thereafter, in his sole discretion, transfer sums paid under the Chase Card Settlement Agreement into the Estates' general account. If the Court does not approve the Settlement, the Trustee shall refund to Chase

Card any sum paid under the Chase Card Settlement Agreement to the Trustee, and the parties shall resort to their status prior to having signed the Settlement Agreement.

12. The Trustee and Chase Card desire to compromise and settle all disputes between them on the following terms:

  A. Subject to Court approval of this settlement, the Chase Card is paying the Trustee a settlement amount of $10,000.00 to settle the matter (the "Chase Card Recovery"), in accordance with the settlement agreement attached as <u>Exhibit 1</u> to this Motion, the Chase Card Settlement Agreement; and

  B. By this Motion, the Trustee seeks approval to pay C&T as interim compensation the amount of $4,000.00, which is 40% of the Chase Card Recovery.

## BASIS FOR RELIEF REQUESTED HEREIN

13. As set forth in Bankruptcy Rule 9019(a): "Compromise: On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Pursuant to Rule 9019, bankruptcy courts consider the overall wisdom of compromising and settling disputes arising in bankruptcy cases. *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (citing *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968)).

14. In determining whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the Estates." *Id.* (quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997)). In reaching this determination, the court should balance the value of the claim that is being settled against the value to the Estate of the approval of the settlement. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved,

and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id.* Settlements should be approved unless they fall below the lowest point of the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.), cert. denied sub nom. *Cosoff v. Rodman*, 464 U.S. 822 (1983).

15. The Trustee believes that the above Settlement satisfies the foregoing standards and is in the best interests of all creditors of the Estate. Approval of the Settlement will enable the Trustee to liquidate assets of the Estates.

16. With respect to the relief concerning interim compensation to C&T, this Court has already approved the terms of compensation for C&T in the C&T Employment Order [D.I. 521]. That C&T Employment Order provides that C&T may apply for approval on an interim basis of its forty percent (40%) contingency fee per payment or settlement with a 9019 motion that seeks approval of a settlement of a potential avoidance action. C&T shall receive as its fee and complete compensation an amount equal to forty percent (40%) of the dollar amount of the Chase Card Recovery received by the Trustee. The C&T Employment Order [D.I. 521], further provides that such compensation will be paid by the Trustee to C&T on an interim basis within ten business days after a final and non-appealable order approving the settlement recoveries. Thus, this interim compensation request merely follows the procedures contemplated by the Employment Order.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order substantially in the form attached hereto, approving the proposed Settlement.

Dated: September 23, 2022　　　　　　　　COOCH AND TAYLOR, P.A.

　　　　　　　　　　　　　　　　　　　　　　 /s/ Robert W. Pedigo
　　　　　　　　　　　　　　　　　　　　Robert W. Pedigo (#4047)
　　　　　　　　　　　　　　　　　　　　The Nemours Building
　　　　　　　　　　　　　　　　　　　　1007 N. Orange Street, Suite 1120

P.O. Box 1680
Wilmington, DE   19899-1680
Telephone: (302) 984-3832
Fax: (302) 984-3939
E-mail: rpedigo@coochtaylor.com

*Special Counsel to the Jeoffrey L. Burtch, Chapter 7 Trustee of IntegraMed Holding Corp., et al.*