## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | ) Case No. 20-11169 (LSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Objection Deadline:  October 18, 2022 at 4:00 p.m. (ET)** |
| | ) **Hearing Date:  November 10, 2022 at 10:00 a.m. (ET)** |
| | ) |

## TRUSTEE'S MOTION FOR ORDER APPROVING SETTLEMENT OF
## CERTAIN AVOIDANCE CLAIMS PURSUANT TO FED. R. BANKR. P. 9019

Jeffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estate (the "Estates") of the above-captioned debtors (the "Debtors") files this motion (the "Motion") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), seeking an order approving the settlement of certain avoidance claims (the "Settlement") with a certain Settling Party (as defined herein) identified on Exhibit A to this Motion and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the provisions of the Settlement.  In support of the Motion, the Trustee respectfully states as follows:

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

3.      Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of this Court, the Trustee consents to the entry of a final order with respect to this Application if it is determined that the Court lacks adjudicatory authority under Article III of the United States Constitution to enter such final order absent consent of the parties.

## **BACKGROUND**

4.      On May 20, 2020 (the "<u>Petition Date</u>") the Debtors commenced the above-captioned bankruptcy cases by filing petitions under chapter 7 of the Bankruptcy Code in this Court.

5.      On May 21, 2020, the Trustee was appointed as interim trustee for the Estates.  A meeting of creditors pursuant to section 341 of the Bankruptcy Code was held and concluded on June 24, 2020.

6.      In accordance with his duties under the Bankruptcy Code, the Trustee, together with his counsel, has investigated the Estates' potential causes of action.

7.      Upon his review, the Trustee determined that Thomas Miller, the Debtors' former chief technology officer ("<u>Miller</u>"), received bonus payments in the gross amount of $331,708.97 (the "<u>Transfers</u>") from the Debtors in the 90 days preceding the commencement of the Bankruptcy Cases, and that the Transfers were potentially avoidable pursuant to section 547 of the Bankruptcy Code and recoverable pursuant to section 550 of the Bankruptcy Code.

8.      In the course of his investigation, the Trustee communicated with Miller to

determine whether he had any viable affirmative defenses, and to commence discussions regarding settlement alternatives. Miller asserted various defenses and other issues that the Trustee might face in seeking avoidance of the Transfers and recovery.

9.      After arms-length negotiations, in order to avoid the potential costs, risks, and delays of litigation, the Trustee and Miller have entered into that certain Settlement Agreement and Release of Claims (the "Settlement Agreement"), a summary of which is attached hereto as Exhibit A.

10.     The Settlement Agreement provides, in material part, that, in exchange for a release of all claims related to the Transfers: (a) Miller shall pay the sum of $55,000.00; (b) waive any claims under Section 502(h) of the Bankruptcy Code; and (c) waive any right to priority status for any claims that he may have in these Bankruptcy Cases.[2]

11.     The Trustee's releases are limited to avoidance actions which may have been brought pursuant to chapter 5 of the Bankruptcy Code or under any applicable state law.

## RELIEF REQUESTED

12.     By this Motion, the Trustee respectfully seeks an order of this Bankruptcy Court approving the Settlement Agreement and authorizing the Trustee to take any and all actions as may be necessary and appropriate to implement the terms of the Settlement Agreement and providing that the Bankruptcy Court shall retain jurisdiction to enforce the Settlement Agreement.

## BASIS FOR RELIEF REQUESTED

13.     This Bankruptcy Court has the authority to grant the relief requested in this Motion pursuant to section 105 of the Bankruptcy Code and Rule 9019(a) of the Bankruptcy Rules.

---

[2] In the event of any inconsistency between the Settlement Agreement and the summary set forth in this Motion, the terms of the Settlement Agreement shall control.

Section 105(a) provides that "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Rule 9019 grants the Bankruptcy Court authority to approve settlements of claims and controversies after notice and a hearing.[3] Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 Collier on Bankruptcy ¶ 9019.03[1] (15th ed. 1993)). In addition, courts in this District have recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997).

14. Before approving a settlement under Rule 9019(a), a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801). To reach such a determination, the court must assess the value of the claim that is being settled and balance it against the value to the estate of the approval of the settlement. *Martin*, 91 F.3d at 393. In striking this balance, the court should consider the following factors:

a. The probability of success in the litigation;

b. The complexity, expense and likely duration of the litigation;

c. The possibilities of collecting on any judgment which might be obtained;

d. All other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and

e. Whether the proposed compromise is fair and equitable to the debtors, their creditors, and other parties in interest.

---

[3] Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

*Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968); *see also Martin*, 91 F.3d at 393. Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425. The *TMT* rule does not require the Bankruptcy Court to hold a full evidentiary hearing before a compromise can be approved, but rather the Bankruptcy Court's obligation is "to canvas the issues and see whether the settlement 'falls below the lowest point in a range of reasonableness.'" Collier on Bankruptcy at ¶ 9019.2, 9019-4, *quoting In re Drexel Lambert Grp., Inc.*, 134 B.R. 493 (Bankr. S.D.N.Y. 1991). *See Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), *cert. denied*, 464 U.S. 822 (1983).

15.     The Settlement Agreement and the proposed compromise embodied therein meet all of the above criteria. Without the Settlement Agreement, the Estate would likely face costly, time-consuming litigation, over the elements of a claim under Section 547 and affirmative defenses. In the absence of the Settlement Agreement, the Trustee may recover substantially less for the Estates than the amount that will be recovered if the Settlement Agreement is approved, particularly after considering the additional costs associated with litigation.

16.     Finally, in making the decision to enter into the Settlement Agreement, the Trustee has considered, among other factors: (i) the expenses that the Estates would incur in seeking avoidance of the Transfers; (ii) the probability of success in light of Miller's asserted defenses; (iii) the uncertainty of success in collecting on any judgment that might be obtained; (iv) the administrative benefit of resolving litigation in an expeditious manner; and (v) the fact that the amount to be paid under the Settlement Agreement is a meaningful recovery for the Estates.

17.     Based on the foregoing, the Trustee respectfully submits that all of the foregoing factors establish that the Settlement Agreement is fair and equitable, well within the required range

of reasonableness, and should be approved as being in the best interests of the Estates and creditors.

18. As required under the Court's Order Approving Trustee's Motion for Order Establishing Settlement Procedures Governing Avoidance Actions [Docket No. 513], notice of this Motion has been given to (i) Miller; (ii) the office of the United States Trustee; and (iii) all parties who have requested service of pleadings and other filings in the Debtors' Bankruptcy Cases (the "Service Parties"). In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be given.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order in the form attached hereto: (i) approving the Settlement Agreement; (ii) authorizing the Trustee to take such actions as may be necessary or appropriate to implement the terms of the Settlement Agreement; and (iii) granting such other and further relief as is may be just and equitable.

Dated: September 27, 2022

COZEN O'CONNOR

*/s/ Gregory F. Fischer*
Mark E. Felger (No. 3919)
Gregory F. Fischer (No. 5269)
1201 N. Market Street, Suite 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Fax: (302) 295-2013
Email: mfelger@cozen.com
gfischer@cozen.com

*Counsel to Jeoffrey L. Burtch,*
*Chapter 7 Trustee*