**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | :   Chapter 7 |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | :   Case No. 20-11169 (LSS) |
| | :   (Jointly Administered) |
| Debtors. | : |
| | : |
| | : |
| | : |
| | : |
| JEOFFREY L. BURTCH, CHAPTER 7 | : |
| TRUSTEE FOR THE BANKRUPTCY | :   Adv. Pro. No. 22-50341 (LSS) |
| ESTATES OF INTEGRAMED HOLDING | : |
| CORP., *et al.*, | : |
| | : |
| Plaintiff, | : |
| | :   **RE: Main Case D.I. 552** |
| v. | :   **RE: Adv. D.I. 9** |
| | : |
| JPMORGAN CHASE BANK, N.A., | : |
| | : |
| Defendant. | : |
| | : |
| | : |

**9019 ORDER APPROVING MOTION OF CHAPTER 7 TRUSTEE TO APPROVE
SETTLEMENT WITH A JPMORGAN CHASE BANK, N.A.
AND APPROVAL OF INTERIM COMPENSATION
TO SPECIAL CONFLICTS COUNSEL COOCH AND TAYLOR, P.A.**

     Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of

IntegraMed Holding Corp., *et al.* ("IntegraMed" and/or "Debtors"), has filed the *Motion of*

*Chapter 7 Trustee To Approve Settlement with JPMorgan Chase Bank, National Association*

---

[1] Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

*d/b/a Chase Card Services ("Chase Card"), Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and for Approval of Interim Compensation to Special Conflicts Counsel Cooch and Taylor, P.A.* (the "Motion") [Main Case D.I. 552 and Adv. D.I. 9].

1.      The Court has jurisdiction to consider the Motion[2] pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding under 28 U.S.C. §157(b)(2).

2.      Proper notice of the Motion has been provided by the Trustee.

3.      The Court finds that the Chase settlement and the settlement payment in regard to the above captioned adversary proceeding (the "Chase Card Recovery Payment") that is the subject of the Motion was negotiated at arm's length and entered into in good faith by the parties. The Trustee has exercised proper business judgment in accepting the Chase Card Recovery Payment, and the consideration to be received by the Estates is fair and reasonable and falls above the lowest point in the range of reasonableness.

4.      The Motion is GRANTED. Any objection not made to the Motion is waived. Any objection made to the Motion is overruled with prejudice.

5.      The Chase Card Settlement Agreement and the Chase Card Recovery Payment is approved. The monies held by the Trustee in an escrow account may be transferred to the Trustee's general IntegraMed Holding Corp., *et al*. Chapter 7 Estates account, free and clear of liens. The Trustee is authorized to pay Cooch and Taylor, P.A. as interim compensation the amount of $4,000.00, which is 40% of the Chase Card Recovery Payment.

6.      The Trustee is authorized to execute any necessary documents to implement this order.

7.      This Order is effective immediately and shall not be affected and/or stayed by any

2

of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

Dated: October 21st, 2022
Wilmington, Delaware

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

---

[2] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.