**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | ) Case No. 20-11169 (LSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Re: Docket No. 583, 591 |

**ORDER GRANTING CHAPTER 7 TRUSTEE'S**
**SECOND OMNIBUS OBJECTION TO CLAIMS (SUBSTANTIVE)**

Upon consideration of the Second Omnibus Objection to Claims (Substantive) pursuant to Sections 105, 502, 506, and 507 of the Bankruptcy Code, Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Rule 3007-1 (the "Second Omnibus Objection")[2], filed by Jeoffrey L. Burtch, the Chapter 7 Trustee (the "Trustee") for the estates of the above-captioned Debtors; and it appearing that good and sufficient notice of the Second Omnibus Objection has been given and that no further notice of the Second Omnibus Objection or entry of this order need be provided; and upon the entire record herein; and the Bankruptcy Court having considered the Second Omnibus Objection and the Disputed Claims; and after due deliberation and opportunity for a hearing and good and sufficient cause appearing therefore;

**IT IS HEREBY FOUND THAT**:

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

[2] Unless expressly defined herein, capitalized terms shall have the meanings ascribed to them in the Second Omnibus Objection.

A.     Each holder of a Disputed Claim listed on Exhibits A, B, and C attached hereto (together, the "Claimants") was provided proper, adequate, and sufficient notice of the Second Omnibus Objection pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1;

B.     The Second Omnibus Objection is a core proceeding under 28 U.S.C. § 157(b)(2);

C.     Any entity known to have an interest in the Disputed Claims listed on Exhibits A, B, and C has been afforded reasonable opportunity to respond or to be heard regarding the relief requested in the Second Omnibus Objection;

D.     Each of the Incorrectly Classified Claims listed on Exhibit A attached hereto is incorrectly classified or asserted and should be modified to the correct classification and amount;

E.     Each of the Overstated Claims listed on Exhibit B attached hereto fails to provide support for the amount claimed and should be reduced to the amount indicated on Exhibit B;

F.     Each of the No Liability Claims listed on Exhibit C attached hereto fails to establish liability of the Estate against which it is asserted and should be disallowed; and

G.     The relief requested in the Second Omnibus Objection is in the best interest of the Estates, their creditors, and other parties in interest; and it is therefore

**ORDERED, ADJUDGED AND DECREED THAT**

1.     The Second Omnibus Objection is **GRANTED**.

2.     Pursuant to Sections 105, 502, 506, and 507 of the Bankruptcy Code, the Incorrectly Classified Claims identified on Exhibit A attached hereto are hereby reclassified and modified to the claim classification and amount as stated in the column entitled "Modified Classification Status" without prejudice to the Trustee's right and ability to raise any further objection.

3.     Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, the Overstated Claims identified on Exhibit B attached hereto are hereby reduced to the amounts stated in the column

LEGAL\67189897\3

entitled "Modified Claim Amount" without prejudice to the Trustee's right and ability to raise any further objection.

4.      Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code, the No Liability Claims identified on Exhibit C attached hereto are hereby disallowed without prejudice to the Trustee's right and ability to raise any further objection.

5.      The Trustee shall file notice of abandonment of any interest that any of the estates may have in stock in Assisted Reproductive Technology Insurance Company, Ltd. ("ARTIC") within seven (7) days after entry of this Order.  Pursuant to an agreement reached between the Trustee and ARTIC (which agreement is consistent with Exhibit A and Exhibit B attached hereto), ARTIC shall have an allowed, non-priority unsecured pre-petition claim in the amount of $535,668.15 and such allowed claim shall not be subject to further objection or reduction.

6.      The Bankruptcy Court shall retain jurisdiction over the Estates and the Claimants whose Proofs of Claim are subject to the Second Omnibus Objection with respect to any matters related to or arising from the implementation of this Order.

7.      Each of the Disputed Claims and the objection by the Trustee constitutes a separate contested matter pursuant to Bankruptcy Rule 9014.  This Order shall be deemed a separate Order with respect to each of the Disputed Claims.  Any stay of this Order pending appeal by any of the Claimants shall not act to stay the applicability and/or finality of this Order with respect to any other contested matters covered hereby.

8.      This Order is without prejudice to the Trustee's right to amend, modify, or supplement the Second Omnibus Objection, or to file additional non-substantive or substantive objections.

9.      This Order does not affect any claims, rights, or remedies the Trustee has or may have against the Claimants in respect of any amounts owed to the Debtor's Estate by any Claimant under

LEGAL\67189897\3

Chapter 5 of the Bankruptcy Code, including without limitation the right to seek disallowance of a claim pursuant to Section 502(d) of the Bankruptcy Code.

**Dated: November 7th, 2024**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

4

| Exhibit A - Incorrectly Classified Claims | | | | | |
|---|---|---|---|---|---|
| **Creditor Name and Address** | **Claim No. (Case)** | **Amount of Claim** | **Classification (As Filed)** | **Modified Classification** | **Reason for Reclassification** |
| Assisted Reproductive Technology Insurance Company, Gordon J. Toering, Warner, Norcross + Judd, LLP, 150 Ottawa Avenue NW, Suite 1500, Grand Rapids, MI 49501 | 57 IntegraMed America, Inc. (20-11170 LSS) | $1,438,291.00 | Secured ($627,381.00 Shares of Stock) | Unsecured, Nonpriority (in amount stated in Exhibit B) | Claim is unsecured as there is no property of the estate to which the purported lien would attach. In the alternative, to the extent claim is secured by valid perfected lien on proprety of the estate, such property has no value, and claims is thus unsecured in its entirety. This claim also appears on Exhibit B of the present objection. |
| Boylan, Caitlin, 7632 Silver View Lane, Raleigh, NC 27613 | 1 IntegraMed Management of Mobile, LLC (20-11179 LSS) | $385.38 | Unsecured, Nonpriority | 11 U.S.C. 507(a)(4) ($385.38) | Claim was filed as non-priority unsecured claim. Based on information available to the Trustee, it appears that this claim is one for wages, and is entitled to priority under 11 U.S.C. 507(a)(4) This claim also appears on Exhibit B of the Trustee's First Omnibus Claim Objection (Non-Substantive), filed simultaneously herewith. |
| ElDorado Holdings, LLC, Pullman & Comley, LLC, 90 State House Square, Hartford, CT 06103 | 65 IntegraMed America, Inc. (20-11170 LSS) | $238,267.48 | Secured ($82,188.00 Security Deposit) | Unsecured, Nonpriority ($156,079.48) | Claim is unsecured as there is no property of the estate to which the purported lien would attach, and is therefore only allowable as an unsecured claim in the amount asserted, less the amount of the security deposit. The Trustee has no objection to application of security deposit. |
| OCC Purchase LLC, Blank Rome LLP, Attn: Evan Jason Zucker, 1271 Avenue of the Americas, New York, NY 10020 | 16 IntegraMed America, Inc. (20-11170 LSS) | $1,104,237.68 | Secured ($29,448.21 Security Deposit) | Unsecured, Nonpriority ($1,074,789.47) | Claim is unsecured as there is no property of the estate to which the purported lien would attach, and is therefore only allowable as an unsecured claim in the amount asserted, less the amount of the security deposit. The Trustee has no objection to application of security deposit. |

| Exhibit A - Incorrectly Classified Claims | | | | | |
|---|---|---|---|---|---|
| **Creditor Name and Address** | **Claim No. (Case)** | **Amount of Claim** | **Classification (As Filed)** | **Modified Classification** | **Reason for Reclassification** |
| Snyder, Wendy, 101 Sunset Oaks Dr., Holly Springs, NC 27540 | 2 (IntegraMed Holding Corp. (20-11169 LSS)) | $271.30 | Unsecured, Nonpriority | 11 U.S.C. 507(a)(4) ($271.30) | Claim was filed as non-priority unsecured claim. Based on information available to the Trustee, it appears that this claim is one for wages, and is entitled to priority under 11 U.S.C. 507(a)(4). This claim also appears on Exhibit B of the Trustee's First Omnibus Claim Objection. |

| Exhibit B - Claims Filed in Incorrect Amount | | | | |
|---|---|---|---|---|
| **Creditor Name** | **Claim No. (Case)** | **Amount of Claim (As Filed)** | **Modified Claim Amount** | **Reason for Objection** |
| Assisted Reproductive Technology Insurance Company, Gordon J. Toering, Warner, Norcross + Judd, LLP, 150 Ottawa Avenue NW, Suite 1500, Grand Rapids, MI 49501 | 57 IntegraMed America, Inc. (20-11170 LSS) | $1,438,291.00 | $535,668.15 | Claim is asserted for premiums on a professional liability insurance policy for all of 2020. Corrected amount has been prorated to provide for allowable claim equal to premiums through petition date.<br><br>This claim also appears on Exhibit A of the present objection. |
| West 18th Street Venture, LLC, Blank Rome LLP; Attn: Evan Jason Zucker, 1271 Avenue of the Americas, New York, NY 10020 | 14 IntegraMed America, Inc. (20-11170 LSS) | $373,712.32 | $276,241.13 | Creditor calculated future rent portion of rejection damages by taking 15% of total rent that would be payable through end of lease term, rather than amount that would be payale through the period representing 15% of the remaining term. This resulted in a future rent calculation of $614,716.01, rather than correct amount of $517,244.82 |

| Exhibit C - No Liablity Claims | | | |
|---|---|---|---|
| **Creditor Name** | **Claim No. (Case)** | **Amount** | **Reason for Disallowance** |
| Citrix Systems Inc.,<br>Attn: David Rubenstein,<br>851 W. Cypress Creek,<br>Fort Lauderdale, FL 33309 | 30<br>IntegraMed America, Inc. (20-11170 LSS) | $84,718.88 | The Trustee understands that this liability was assumed by non-debtor Fertility NewCo, LLC with creditor's consent. |
| Harford County, Maryland,<br>Department of Law,<br>220 South Main Steet, 3rd Floor,<br>Bel Air, MD 21014 | 41 (IntegraMed Holding Corp. (20-11169 LSS)) | $2,427.76 | Claim is based on property tax for "Levy Period or Bill Date" of 7/1/2020 - 6/30/2021. The Trustee is not aware of any property of the estate that would give rise to property tax liability. |
| Harford County, Maryland,<br>Department of Law,<br>220 South Main Steet, 3rd Floor,<br>Bel Air, MD 21014 | 46 (IntegraMed Holding Corp. (20-11169 LSS)) | $2,901.18 | Claim is based on property tax for "Levy Period or Bill Date" of 7/1/2020 - 6/30/2021. The Trustee is not aware of any property of the estate that would give rise to property tax liability. |
| Independent Holdings, LLC,<br>FBFK c/o Brandon Tittle,<br>2500 Dallas Parkway, Suite 600,<br>Plano, TX 75093 | 12 IntegraMed America, Inc. (20-11170 LSS) | $170,036.29 | The Trustee understands that this liability was assumed by non-debtor Fertility NewCo, LLC with creditor's consent. |
| Lake Whitney Phase II, LLC,<br>1860 SW Fountainview Blvd, Suite 100,<br>Port Saint Lucie, FL 34986 | 11 IntegraMed Holding Corp. (20-11169 LSS) | $12,983.64 | Claim only provides support for claim against Debtor IntegraMed America, Inc. (20-11170 LSS). The claimant has also filed a claim against IntegraMed America, Inc. for this liability. Such claim remains against IntegraMed America, Inc. and is unaffected by the disallowance of this claim. |

| Exhibit C - No Liablity Claims | | | |
|---|---|---|---|
| **Creditor Name** | **Claim No. (Case)** | **Amount** | **Reason for Disallowance** |
| Reproductive Medicine Associates of N. California, Wilentz, Goldman, & Spitzer, PA, Attn: David H. Stein, Esq., 90 Woodbridge Center Drive, Box 10, Woodbridge, NJ 07095 | 27 IntegraMed Holding Corp. (20-11169 LSS) | $83,850.00 | Claim only provides support for claim against Debtor IntegraMed America, Inc. (20-11170 LSS). The claimant has also filed a claim against IntegraMed America, Inc. for this liability. Such claim remains against IntegraMed America, Inc. and is unaffected by the disallowance of this claim, although it is subject to a separate objection as set forth herein. |
| Reproductive Medicine Associates of N. California, Wilentz, Goldman, & Spitzer, PA, Attn: David H. Stein, Esq., 90 Woodbridge Center Drive, Box 10, Woodbridge, NJ 07095 | 48 IntegraMed America, Inc. (20-11170 LSS) | $83,850.00 | The Trustee understands that this liability was assumed by non-debtor US Fertility LLC with creditor's consent. |
| RMA of New Jersey, LLC, Wilentz, Goldman, & Spitzer, PA, Attn: David H. Stein, Esq., 90 Woodbridge Center Drive, Box 10, Woodbridge, NJ 07095 | 49 IntegraMed America, Inc. (20-11170 LSS) | $240,185.00 | The Trustee understands that this liability was assumed by non-debtor US Fertility LLC with creditor's consent. |
| RMA of New Jersey, LLC, Wilentz, Goldman, & Spitzer, PA, Attn: David H. Stein, Esq., 90 Woodbridge Center Drive, Box 10, Woodbridge, NJ 07095 | 26 IntegraMed Holding Corp. (20-11169 LSS) | $240,185.00 | Claim only provides support for claim against Debtor IntegraMed America, Inc. (20-11170 LSS). The claimant has also filed a claim against IntegraMed America, Inc. for this liability. Such claim remains against IntegraMed America, Inc. and is unaffected by the disallowance of this claim, although it is subject to a separate objection as set forth herein. |
| Security Press, Inc., 2525 W Commodore Way, Seattle, WA 98199 | 44 IntegraMed Holding Corp. (20-11169 LSS) | $546.24 | Claim is based on liability of non-debtor Seattle Reproductive Services. |

| Exhibit C - No Liablity Claims | | | |
|---|---|---|---|
| **Creditor Name** | **Claim No. (Case)** | **Amount** | **Reason for Disallowance** |
| Spring Valley Medical Properties II, LLC, c/o Lynn Hamilton Butler, Husch Blackwell, LLP, 111 Congress Avenue, Suite 1400, Austin, Texas 78701 | 66 IntegraMed Holding Corp. (20-11169 LSS) | $36,509.82 | Claim only provides support for claim against Debtor IntegraMed Management, LLC (20-11181 LSS). The claimant has also filed a claim against IntegraMed Management, LLC for this liability. Such claim remains against IntegraMed Management, LLC and is unaffected by the disallowance of this claim. |
| Town of Trumbull, c/o James M. Nugent, Esq., 100 New Haven Avenue, Suite 100, Milford, CT 06460 | 40 IntegraMed Holding Corp. (20-11169 LSS) | $24,233.78 | Claim is based on liability of non-debtor Connecticut Fertility Associates. |