IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| INTEGRAMED HOLDING CORP., *et al.*,[1] | : | Case No. 20-11169 (LSS) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date: May 22, 2025 at 10:15 a.m. |
| | : | Objection Deadline: May 15, 2025 at 4:00 p.m. |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS'
ESTATES FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Jeoffrey L. Burtch, chapter 7 trustee ("Trustee") for the bankruptcy estates (collectively, "Estates") of the captioned debtors (collectively, "Debtors"), hereby requests the entry of an order approving the sale of certain assets of the Debtors' Estates to Clearwater Recovery Partners LLP ("Clearwater") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1.  The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Debtors in these cases are the following entities (the respective case number for each estate follows in parentheses): IntegraMed Holding Corp. (20-11169 LSS), IntegraMed America, Inc. (20-11170 LSS), Trellis Health, LLC (20-11171 LSS), IntegraMed Fertility Holding Corp. (20-11172 LSS), Reproductive Partners, Inc. (20-11173 LSS), IntegraMed Management of Bridgeport, LLC (20-11175 LSS), IntegraMed Florida Holdings, LLC (20-11176 LSS), IntegraMed Management of Mobile, LLC (20-11179 LSS), IntegraMed Management, LLC (20-11181 LSS), and IntegraMed Medical Missouri, LLC (20-11184 LSS).

## Background[2]

3. On May 20, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 7 of the Bankruptcy Code. The Debtors' cases are being jointly administered.

4. On or about May 21, 2020, Jeoffrey L. Burtch was appointed as interim trustee and now serves as Trustee pursuant to Section 702(d) of the Bankruptcy Code.

5. Since his appointment, the Trustee has administered the Estates for the benefit of the creditors in accordance with his powers and duties. The Trustee is now in the process of winding down the administration of these cases. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estates' remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there might exist property of the Estates, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

7. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, and certainly none that could return value to the Estates greater than the Purchase Price. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estates would possibly receive on account of the Remnant Assets.

8. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while

---

[2] The Trustee submits these factual statements supporting the relief requested herein in lieu of a declaration, but is prepared to file a separate supporting declaration if preferred and requested by the Court.

simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

9. The Trustee and Clearwater have negotiated an agreement ("Purchase Agreement") for the sale of the Remnant Assets, substantially in the form attached hereto as Exhibit A.

10. The Purchase Agreement generally provides for a purchase price of $45,000 ("Purchase Price") for all Remnant Assets to be paid by Clearwater to the Trustee for the benefit of the Estates. The negotiations were conducted at arm's length and in good faith. The Trustee has no connection to Clearwater, and is unaware of any relationship between Clearwater and the Debtors, the Debtors' principals, or their agents. Further, there is no evidence of bad faith or a lack of good faith.

11. In accordance with the Purchase Agreement, the Remnant Assets specifically exclude (a) cash held and administered by the Trustee in the Estates' bank account used or to be used for creditor distributions, administrative expenses, and the payment of professional fees and trustee commissions at the time of distributions pursuant to the Trustee's Final Report, as approved by the Court; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[3] (e.g., office furniture) of the Debtors; (d) the books and records used by the Debtors in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in the Purchase Agreement; and (e) the Purchase Price for the Remnant Assets.

12. In the Trustee's business judgment, the Purchase Price represents a fair and

---

[3] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estates would possibly receive.

13. The Trustee favors proceeding by way of private sale under these circumstances. Clearwater has submitted an offer that appears superior to any other offer that the Trustee might reasonably expect, if any other offer were even to be made. Indeed, the Trustee solicited offers for such Remnant Assets for several months prior to the negotiation of the Purchase Agreement. Clearwater's proposal as embodied in the Purchase Agreement far exceeded any other such interest.  Under these circumstances, the Trustee believes that his best course of action is to proceed by way of a private sale to Clearwater subject to any higher and better offers that might be made by the objection deadline, and to provide notice of the sale to parties in interest.

14. As noted above, as an additional test of the fairness of the Purchase Agreement, the Trustee will consider additional proposals for the Remnant Assets through the date by which objections to this Motion are due.  If an additional proposal is received by the Trustee in writing on or before the objection deadline that the Trustee determines to be higher and better than that under the Purchase Agreement, the Trustee will confer with the potential purchasers and schedule an auction between such potential purchasers prior to the hearing date scheduled on this Motion.

15. If no additional bids are received by the Trustee, then he will proceed with the hearing as scheduled and request that the Court approve the Purchase Agreement to Clearwater for the reasons set forth above.

**Requested Relief**

16. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement

**Authority for Requested Relief**

17. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that

5

the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

19. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

20. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of the Trustee's business judgment under the circumstances, and is in the best interests of creditors of the Estates. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Clearwater, the Estates would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Clearwater.

21. Moreover, based on the foregoing, Clearwater should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir.

1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

22. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

   a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. Such entity consents;

   c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. Such interest is in bona fide dispute; or

   e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

## Waiver of Stay of Order

23. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

## Notice

24. Notice of this Motion has been given to the Debtors, the Office of the United States Trustee, Clearwater, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate;

no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated:   April 28, 2025                                       **COZEN O'CONNOR**

                                          */s/ Gregory F. Fischer*
                                          Gregory F. Fischer (No. 5269)
                                          1201 N. Market Street, Suite 1001
                                          Wilmington, DE 19801
                                          Telephone: (302) 295-2000
                                          Facsimile: (302) 295-2013
                                          gfischer@cozen.com

                                          *Counsel to Jeoffrey L. Burtch,*
                                          *Chapter 7 Trustee*